LAW OFFICE OF DIANA R. KADASH, P.C.
Diana R. Kadash, Esquire                                     Attorney for Plaintiff
Attorney Identification No. 57084
One Liberty Place
1650 Market Street
36th Floor
Philadelphia, Pennsylvania 19103
(267) 207-2740

| | |
|---|---|
| **SIUFUNG LEE**<br>**1302 Ashbridge Road**<br>**West Chester, PA 19380**<br>　　　　　　　　**Plaintiff**<br>　　　vs.<br><br>**ALLSTATE FIRE AND CASUALTY**<br>**INSURANCE COMPANY d/b/a ALLSTATE**<br>**P.O Box 660636**<br>**Dallas, TX 75266**<br>　　　　　　　　**Defendant** | **Civil Action No.:** |

## CIVIL ACTION COMPLAINT

**I.      PARTIES**

1. Plaintiff, Siufung Lee, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 1302 Ashbridge Road, West Chester, Pennsylvania 19380.

2. Defendant, Allstate Fire and Casualty Insurance Company d/b/a/ Allstate (hereinafter referred to as "ALLSTATE"), and was and now is a business entity, duly organized and existing under the laws of the state of Texas and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with corporate headquarters and principal place of business located at P.O. Box 660636, Dallas, Texas 75266.

**II.     JURISDICTION**

3. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. §1332.

4. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5. Venue is proper in this district pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the District.

### III.   STATEMENT OF CLAIMS

6. At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7. At all times material herein, Plaintiff, Siufung Lee, was insured by Defendant ALLSTATE under a Policy of automobile insurance with provided underinsured motorist benefits, Policy number, 998 609 372. A copy of the Declarations Pages for the Policy number 998 609 372 covering the date of the collision at issue in this matter are attached as Exhibit "A" and incorporated by reference.

1. On or about April 22, 2019, which the aforementioned Policy was in full force and effect, Plaintiff, Siufung Lee, was the driver in a certain 2012 Volkswagen Golf motor vehicle, with Pennsylvania license plate #00088, was traveling on Levick Street, at its intersection with Castor Avenue in Philadelphia, Pennsylvania, and was lawfully proceeding to the intersection and coming to a stop at a steady red light, when, suddenly and without warning a certain 2006 Nissan Murano that was owned by Defendant, Liberty Cleaning Services and operated by Pamela Dos Santos was traveling directly behind Plaintiff's vehicle in Philadelphia negligently failed to stop her vehicle causing it to collide with Plaintiff's vehicle.

2

8. On the date and time and at the location aforesaid, Defendant, Pamela Dos Santos, was unable to bring her vehicle to a stop thereby causing her vehicle to violently collide with Plaintiff's vehicle in the rear and propelling Plaintiff's vehicle into the vehicle directly in front of Plaintiff's vehicle.

9. At the time of the aforementioned collision, the motor vehicle operated by Pamela Dos Santos was insured under a Policy of automobile insurance issues by Progressive Insurance Company.

10. The aforementioned collision resulted solely from the carelessness and negligence of Pamela Dos Santos herein and was not the result of the actions or inactions of Plaintiff, Suifung Lee.

11. As a result of the aforementioned negligence and carelessness of Pamela Dos Santos, Plaintiff, Suifung Lee, suffered severe and permanent injuries, including, but not limited to, broad based disc protrusion at L1-L2; disc protrusion impinging on the thecal sac at L2-L3 compromising left neural foramen and proximal left lateral recess; broad based disc protrusion at L3-L4; broad based disc protrusion reducing canal diameter; broad based disc protrusion impinging on the thecal sac at L4-L5; disc protrusion L5-S1; acute L5-S1 radiculopathies; lumbar sprain and strain; lumbosacral sprain and strain; and other injuries, as well as, aches, pains, mental anxiety and anguish and severe shock to his nerves and nervous system as a result whereof, he has suffered and will in the future continue to suffer great pain agony as he has been, and probably will in the future be hindered and unable to engage in his usual and customary wants, toils, labors, duties and occupations thereby foregoing the pleasures and emoluments attendant thereto, due to his great damage and loss.

12. As a further result of the aforesaid, plaintiff, Suifung Lee, has been and may be

obligated to receive and undergo medical attention and care and incur substantial expenses for an indefinite period of time in the future

13. As a further result of the accident, Siufung Lee has or may suffer severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period of time in the future.

14. As a further result of the aforesaid, plaintiff, Suifung Lee, may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial responsibility Law, 75 Pa. C. S. § 1701 et seq. as amended, for which he claims damages herein.

15. As a further result of the aforesaid, plaintiff, Suifung Lee, has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in aforesaid accident.

16. Further, by reason of the aforesaid accident, Plaintiff, Siufung Lee, has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. Progressive Insurance Company tendered the full amount of Pamela Dos Santos' Policy limit as settlement of Plaintiff's claims against Pamela Dos Santos. Plaintiff received consent to settle from Defendant ALLSTATE on December 2, 2022. A copy of the consent to settle is attached as Exhibit "B".

18. Notice of the aforesaid covered loss and Plaintiff's intent to pursue underinsured motorist benefits was provided to ALLSTATE in a prompt and timely manner by Plaintiff and, at all times relevant hereto, Plaintiff fully complied with all the terms and conditions required by the

Policy.

19. Plaintiff demands underinsured motorist benefits in the amount of the Policy limits.

20. Defendant, ALLSTATE, despite Plaintiff's December 2, 2022 demand for underinsured motorist benefits under the Policy and submission of Plaintiff's medical specials – the same documentation which supported Progressive Insurance Company's tender of the full limits of its Policy, has refused, without legal justification or cause, and continues to refuse to pay to the Plaintiff monies owed for the injuries suffered as a result of the aforesaid loss. A copy of Plaintiff's December 2, 2022 demand letter is attached as Exhibit "C".

21. As a result of the Defendant ALLSTATE's failure and refusal to pay reasonable benefits to the Plaintiff as required by the Policy, Plaintiff has suffered losses and damages.

## COUNT I
## SIUFUNG LEE v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
## BREACH OF CONTRACT

22. Plaintiff, Siufug Lee, incorporates paragraphs one (1) through twenty-one (21) as though the same were fully set forth herein at length.

23. Plaintiff has satisfied all of his obligations under the Policy, including but not limited to, all conditions precedent and all conditions subsequent.

24. Defendant ALLSTATE has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25. Defendants ALLSTATE has failed to reasonably investigate Plaintiffs claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26. Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27. For the reasons set forth above, Defendant ALLSTATE violated its contractual obligations to Plaintiff under the Policy of insurance.

28. It is believed and therefore averred that the value of Plaintiff's claim is in excess of Defendant's UIM limits.

29. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the Policy benefits to which he is entitled under the Policy.

30. Defendant's denial of coverage was made without a reasonable basis in fact.

31. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE,** Plaintiff, Siufung Lee, demands judgment against Defendant, ALLSTATE, in an amount not in excess of the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) plus additional compensatory and/or consequential damages allowed by law, together with interest, costs of court, and such other relief as this Court deems just and appropriate.

**COUNT II**
**SIUFUNG LEE v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**
**BAD FAITH – 42 PA. C. S. §8371**

32. Plaintiff, Siufung Lee, incorporates paragraphs one (1) through thirty-one (31) as though the same were fully set forth herein at length.

33. Defendant, ALLSTATE has engaged in bad faith toward Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C. S. A.§ 8371, et seq.

34. In furtherance of its bad faith and wrongful refusal to pay the full Policy limits for Plaintiff's covered loss, the Defendant, acting by and through its authorized agents, servants, workmen and or employees, have engaged in the following conduct:

35. Defendant provided consent to Plaintiff to settle with the tortfeasor without prejudicing this UIM claim.

36. In further violation of the Policy, the insurer unreasonably and unfairly withheld Policy benefits. The conduct of the insurer included, but is not limited to, the following:

(a) failing to give equal consideration to paying the claim as to not paying the claim;

(b) failing to objectively and fairly evaluate the plaintiffs' claims;

(c) asserting Policy defenses without a reasonable basis in fact;

(d) compelling the institution of the Complaint in order to obtain Policy benefits that should have been paid promptly and without the necessity of litigation;

(e) dilatory and abusive claims handling;

(f) failing to adequately investigate the UIM claim;

(g) unreasonably valuing the loss and further failing to fairly negotiate the amount of loss with the plaintiff or plaintiff's representatives;

(h) placing unduly restrictive and self-serving interpretations on the Policy and/or claims forms;

(i) failing to keep the plaintiff fairly and adequately advised as to the status of the claim;

(j) failing to confirm the alleged bases for the factual rejection of the claim.

k) acting unreasonably and unfairly in response to the plaintiff's claims;

(l) failing to promptly provide a reasonable factual explanation of the basis for the denial of the plaintiff's claims;

(m) failure to fully investigate and evaluate the claim;

(n) unreasonably withholding Policy benefits;

(o) violating the fiduciary duty owed to Plaintiff;

(p) unreasonably withholding Policy benefits;

(q) failure to treat its Policyholders interests with equal regard to its own. This is not an adversarial process;

(r) unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain Policy benefits for a covered loss that Defendant should have paid promptly and without necessity of litigation and,

(s) otherwise, unreasonably and unfairly withholding Policy benefits justly due and owing the plaintiff.

37. For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa.C.S.A. § 8371, for which the Defendant is liable for statutory damages including interest from the date the claim ws made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

**WHEREFORE,** Plaintiff, Siufung Lee, demands the Court to enter judgment in favor of Plaintiff and against Defendant, ALLSTATE, and award compensatory and punitive damages in an amount not in excess of Two Hundred Fifty Thousand Dollars ($250,000.00).

Respectfully Submitted,

_____
Diana R. Kadash, Esquire
Attorney ID No. 57084
One Liberty Place
1650 Market Street
36th Floor
Philadelphia, PA 19103
(267) 207-2740
Email: diana@kadashlaw.com

## VERIFICATION

I, Suifung Lee, hereby states that I am the Plaintiff in this action and verifies that the statements set forth in the foregoing civil action Complaint, are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein made are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_____
Suifung Lee

Dated: March 27, 2023